JACOB W. STALEY, as Executor, etc., of JACOB STALEE, Deceased, Respondent, v. MARY E. NELLIS and THE JOHNS-TOWN BANK, Appellants, Impleaded with MICHAEL D. MURRAY and Others, Defendants.

Third Department, June 30, 1919.

Evidence — admissibility — testimony by executor of mortgagee as to admissions made by deceased mortgagor — admission of testimony given on former trial when mortgagor was alive, as to such declarations — declarations of mortgagor while in possession as to validity of mortgage — admissibility against successors — estoppel — failure of successor of mortgagor to understand decision as to validity of mortgage.

Where a mortgagor made admissions which were testified to on the first trial in an action to foreclose the mortgage, and he dies before a second trial of the same action, his admissions and declarations cannot be testified to by the executor of the mortgagee on the second trial, but the testimony as to said admissions given on the first trial is admissible under section 830 of the Code of Civil Procedure.

The declarations of a deceased mortgagor, while he was in possession of the premises, as to the validity of the mortgage are admissible against him and those succeeding to his interest, in an action to foreclose the mortgage.

A mortgagee is not estopped to enforce his mortgage, as against a party acquiring the interest of the mortgagor, by reason of the fact that the latter believed that the effect of a prior decision, in an action to foreclose the mortgage, was that the mortgage was not a lien on the land.

APPEAL by the defendants, Mary E. Nellis and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Fulton on the 27th day of February, 1919, upon the decision of the court after a trial before the court without a jury, and also from an order entered in said clerk's office on or about the 7th day of April, 1917, resettling a prior order.

*Andrew J. Nellis,* for the appellants.

*Horton D. Wright,* for the respondent.

JOHN M. KELLOGG, P. J.:

This case is an old friend of the court and the questions involved are pretty well settled by its decisions. In *Staley v. Murray* (130 App. Div. 892) we affirmed a judgment dismissing the complaint. Our decision was affirmed in 200 New York, 596. In 166 Appellate Division, 328, we determined that said judgment was in effect a nonsuit, but as it had been misunderstood, we affirmed an order amending the findings and judgment, making it plain that the judgment was of nonsuit and not upon the merits. In the meantime this action had been brought to foreclose the same mortgage and the court had dismissed the complaint upon the ground that the former judgment (130 App. Div. 892) was upon the merits and *res adjudicata,* and in 179 Appellate Division, 951, we reversed that determination upon the ground that the former judgment was one of nonsuit only and not a bar and also because incompetent evidence was received.

The judgment under review here directs foreclosure of the mortgage on a retrial of the second action. The mortgage was given by Michael D. Murray to Jacob Stalee, and the first action was brought by the mortgagee's executors for foreclosure. The executors proved that a bond was not found with the mortgage and none could be found. The absence of the bond, with no proof of the amount due, led to the judgment dismissing the complaint on the ground that there was no evidence of the amount unpaid. The second action proceeded upon the theory that there was no bond accompanying the mortgage. Upon its first trial Murray was present

and both executors swore that he had admitted to them that there was no bond and that the mortgage was unpaid. At this trial, Murray having died, his executors were parties defendant in his place. The plaintiff proved by the witness Rogers that Murray recognized the continued existence of the $600 mortgage, and the surviving executor was asked as to the admissions of Murray. Upon the objection that the evidence was inadmissible under section 829 of the Code of Civil Procedure the plaintiff put in evidence his testimony as to said admissions, given by him upon the former trial when Murray was present, and also the evidence at said former trial of his co-executor, then deceased, to the same effect. That evidence was competent under section 830 of the Code of Civil Procedure. The question was as to the existence and validity of the mortgage, and the declaration of the deceased mortgagor, while he was in possession of the premises, as to the validity of the mortgage, was proper evidence against him and those succeeding to his interests.

The question of election of remedies has been discussed earnestly, but the plaintiff all the while has been seeking to foreclose this mortgage and every act of his has tended, sometimes ineffectually, to that end.

It is seriously contended that the present defendants, who have succeeded to Murray's interests in the property, had the right to rely upon the first judgment and to assume that the mortgage was not a lien upon the premises and that in some way the plaintiff is estopped from enforcing it. An examination of the record at all times would have shown just what the first judgment was, and, if Murray's successors have failed to comprehend its effect, the plaintiff is not responsible therefor. There is, therefore, no estoppel, and it would seem that the time is approaching when this litigation should end and the mortgaged property be applied to the satisfaction of the mortgage.

The judgment and order should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs; H. T. KELLOGG, J., not sitting.